# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ANDREW LEE WISEMAN, JR.                                                            PETITIONER
ADC #119319

v.                                          No. 4:20-cv-01500-DPM-JJV

DEXTER PAYNE, Director,                                                            RESPONDENT
Arkansas Division of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to the Chief United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.    BACKGROUND**

Petitioner Andrew Lee Wiseman Jr., an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, was convicted by a jury in Hempstead County, Arkansas, of raping his 14-year-old cousin. *Wiseman v. State*, 526 S.W.3d 4, 5-6 (Ark. Ct. App. 2017). He was

1

sentenced to forty years' imprisonment. *Id.* at 6. Mr. Wiseman previously filed a federal habeas petition with this Court based on the same conviction. *See Wiseman v. Kelley*, No. 5:19-cv-73 (E.D. Ark. June 25, 2019). Both the district court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability. *Id.*; *Wiseman v. Kelley*, No. 19-2566 (8th Cir. 2020).

Mr. Wiseman has now filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). He alleges ineffective assistance of counsel and that the trial court incorrectly denied his motion for a directed verdict. (*Id.* at 5-7). I have conducted a preliminary review of Mr. Wiseman's Petition pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed without prejudice.

## II.  ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. 2244(b)(3)(C). Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* at § 2244(b)(2).

    The language of § 2254(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). There is nothing in the record to indicate Mr. Wiseman sought and received authorization from the United States Court of Appeals for the Eight Circuit before filing this Petition. Therefore, this Court lacks jurisdiction over his claims.

    If Mr. Wiseman wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (the court of appeals must determine that successive petition meets § 2244(b)(2)'s new-rule or actual-innocence provisions *before* the district court may accept it for filing) (emphasis added). At present, this Court simply does not have jurisdiction over Mr. Wiseman's claims. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Wiseman's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 8th day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE